S98A0776. SMITH v. FARM & HOME LIFE
INSURANCE COMPANY.
S98A0778. HOOPER-KEENER v. FARM & HOME LIFE
INSURANCE COMPANY.
(506 SE2d 104)

SEARS, Justice.

These consolidated appeals are brought by the Tax Commissioners of Gordon and Murray Counties from the dismissal of their respective complaints for declaratory judgment authorizing the foreclosure of tax liens against property owned by an insolvent Arizona insurer. We conclude that because the insurer is presently in receivership proceedings, the Georgia Insurers Rehabilitation and Liquidation Act, OCGA § 33-37-1 et seq., prohibits the Tax Commissioners from foreclosing against the property to collect delinquent taxes. Therefore, we affirm.

Appellee Farm & Home Life Insurance Company ("FHLIC") owns property located in Gordon County, and holds a security interest in properties located in Gordon and Murray Counties. FHLIC is domiciled in Maricopa County, Arizona. On September 5, 1990, delinquency proceedings were instituted against FHLIC by the Arizona Department of Insurance, pursuant to that state's adoption of the Uniform Insurers Liquidation Act, Ariz. Rev. Stat., § 20-611 et seq. A receivership order was entered by the Superior Court of Maricopa County, placing FHLIC under the control of a receiver and deputy receiver (collectively "the Receiver"), who were ordered to take exclusive control of FHLIC's assets. The receivership order specifically enjoined creditors from enforcing claims against FHLIC's assets without first obtaining permission from the receivership court.

In 1996, the Tax Commissioners of Gordon and Murray Counties ("the Tax Commissioners") announced an intention to seek and levy executions against the property located in their respective counties in order to collect delinquent ad valorem taxes owed by FHLIC. In response, the Receiver recorded the receivership order with the clerk of the Murray and Gordon County Superior Courts. The Receiver then filed an action in the Maricopa County Superior Court, seeking a declaratory judgment that, before taking any action as a creditor of FHLIC against the Gordon and Murray County properties, the Tax Commissioners first must submit their claims to the Receiver and establish the claims in the Arizona receivership action. The Tax Commissioners responded by challenging the personal jurisdiction of

the Arizona court, and filed motions to dismiss FHLIC's action. Those motions were denied.

While the Tax Commissioners' motions to dismiss were pending before the Arizona court, they filed separate complaints against the Receiver in the Gordon and Murray County superior courts, seeking declaratory judgments that under Georgia law, they were authorized to pursue and foreclose tax liens against FHLIC's property. FHLIC entered a special appearance and answered, arguing inter alia that the Gordon and Murray County properties were under the exclusive control of the Arizona receivership court, and that the receivership order was entitled both to reciprocal enforcement and full faith and credit in Georgia. Both the Gordon and Murray County superior courts concluded that the Georgia Insurers Rehabilitation and Liquidation Act ("GIRLA"), OCGA § 33-37-1 et seq., prevented the Tax Commissioners from foreclosing tax liens against the properties. The Tax Commissioners then brought these consolidated appeals.

1. Whether officers of Gordon and Murray Counties may, due to a receivership proceeding in another state, be prevented from foreclosing tax liens against properties located within their counties in order to collect ad valorem property taxes is, of course, a question of Georgia law. The General Assembly has anticipated this question, and the difficulties it raises, and provided for their resolution in GIRLA.

GIRLA addresses problems relative to the forced liquidation and rehabilitation of insurance companies doing business in Georgia that have assets and liabilities distributed in more than one state. It is intended to lessen those problems (1) "by facilitating cooperation between states in the liquidation process and by extending the scope of personal jurisdiction over debtors of the insurer outside [of Georgia],"[1] and (2) by providing "a comprehensive scheme for the rehabilitation and liquidation of insurance companies."[2] Georgia and Arizona are two of many states that have substantially adopted the Uniform Insurers Rehabilitation and Liquidation Act. The Arizona act is, in all material respects, substantially similar to GIRLA in its treatment of insurers, claimants, assets, debts, and priorities.

Under the definition set forth in OCGA § 33-37-3 (15), Arizona is a reciprocal state; meaning that it has adopted and substantially put into effect the equivalent of certain key provisions found in GIRLA.[3]

---

[1] OCGA § 33-37-1 (d) (5).

[2] Id., § 33-37-1 (d) (7).

[3] Specifically, section 33-37-3 (15) identifies six sections from GIRLA that must have been adopted in substance by a foreign state in order for that state to be considered reciprocal. These sections, and their Arizona corollaries, are as follows: (1) OCGA § 33-37-17, concerning the appointment of the Insurance Commissioner to liquidate a domestic insurer, is the substantial equivalent of ARS §§ 20-616, 624; (2) OCGA § 33-37-51, concerning a non-

It follows under Georgia law that the Arizona Receiver in this matter is vested with title to all of FHLIC's property, including the properties located in Gordon and Murray Counties.[4] Furthermore, GIRLA provides that because no ancillary receiver has been appointed in Georgia to assist the Arizona Receiver in handling FHLIC's assets, all Georgia claimants against FHLIC are required to file their claims with the Arizona Receiver.[5] Most importantly, GIRLA expressly provides that:

> During the pendency in this *or any other state* of a liquidation proceeding, whether called by that name or not, no action or proceeding in the nature of an attachment, garnishment, or levy of execution shall be commenced or maintained in this state against the delinquent insurer or its assets.[6]

This language is clear and susceptible of only one meaning — because a receivership proceeding is pending against FHLIC in Arizona, the Tax Commissioners' attempts to utilize Georgia's courts to levy and foreclose a lien against FHLIC's Georgia property is prohibited by Georgia statute. Accordingly, by virtue of the plain language of the Georgia Code, the Gordon and Murray County superior courts properly dismissed the Tax Commissioners' complaints.

2. The Tax Commissioners argue that OCGA § 33-37-56's prohibition of the levy and execution of tax liens against property located in Georgia and owned by FHLIC is an unconstitutional attempt to exclude property located in this state from ad valorem taxation with-

---

domiciliary, reciprocal insurer's title to property, is the substantial equivalent of ARS § 20-625 (B); (3) OCGA § 33-37-52, concerning the Insurance Commissioner's possible appointment as ancillary receiver for a non-domiciliary insurer, is the substantial equivalent of ARS § 20-625; (4) OCGA § 33-37-54, concerning a non-resident's rights against a domiciliary insurer, is the substantial equivalent of ARS § 20-626; (5) OCGA § 33-37-55, concerning the rights of resident claimants in reciprocal states against non-domiciliary insurers, is the substantial equivalent of ARS § 20-627; and (6) OCGA § 33-37-56, concerning the stay of actions during the pendency of liquidation proceedings, is the substantial equivalent of ARS § 20-630.

[4] OCGA § 33-37-51 (a) ("The domiciliary liquidator of an insurer domiciled in a reciprocal state shall, except as to special deposits and security on secured claims under subsection (c) of Code section 33-37-52 [inapplicable in this matter], be vested by operation of law with the title to all of the assets, property, contracts and rights of action, agents' balances, and all of the books, accounts, and other records of the insurer located in this state.").

[5] OCGA § 33-37-55 (a) ("In a liquidation proceeding in a reciprocal state against an insurer domiciled in that state, claimants against the insurer who reside within this state may file claims either with the ancillary receiver, if any, in this state or with the domiciliary receiver. Claims must be filed on or before the last dates for the filing of claims in the domiciliary liquidation proceeding.").

[6] OCGA § 33-37-56 (emphasis supplied).

out specific authorization.[7] According to the Tax Commissioners, section 33-37-56 is tantamount to granting a tax exemption for foreign insurers in receivership proceedings, contrary to the provisions of the Georgia Constitution.

We disagree with this assessment of the statute. Section 33-37-56 does not state that the property of an insolvent, non-domiciliary insurer is exempt from taxation. Rather, it grants such insurers a stay in proceedings against them to collect amounts owed, much like the stay found in the Federal Bankruptcy Code.[8] Because the protections afforded by federal bankruptcy laws are not available to insurance companies,[9] they must seek liquidation in a state receivership action, and a central forum is necessary for the orderly liquidation of an insolvent insurer's assets. Otherwise, creditors of an insolvent insurance company will race to their respective state forums in an effort to be among the first to levy against the insurer's assets located in that state, to the great detriment of innocent policyholders who might be unaware that their interests are being usurped. To protect against such chaos, GIRLA (like the model act upon which it is based) fosters cooperation among reciprocal states by designating the domiciliary state, where the receivership is pending, as the proper forum for filing claims and determining priorities among creditors. This is not only a desirable goal, it is indispensable to avoid the contradictory judgments from multiple jurisdictions that would otherwise result.

Contrary to the Tax Commissioners' characterization of the statute, OCGA § 33-37-56 does not exempt FHLIC's Georgia property holdings from ad valorem taxation; it only stays actions to collect such taxes once they become due by foreclosing a lien against the property, without first obtaining permission to do so from the receivership court. The statute does not prohibit the Tax Commissioners from assessing ad valorem taxes against FHLIC, and seeking distribution from the Receiver. To alleviate the Tax Commissioners' concern that their interests might not be fully considered by the Arizona receivership court, GIRLA empowers the Georgia Commissioner of Insurance to appoint an ancillary receiver in this state to aid and assist the Arizona Receiver.[10] While section 33-37-56 does change the remedies available to the Tax Commissioners, and cause the Commissioners obvious inconvenience, it does not violate the constitu-

---

[7] See Ga. Const. (1983), Art. VII, Sec. II, Par. I (except as otherwise provided, "all laws exempting property from ad valorem taxation are void").

[8] See 11 USC § 362.

[9] See 15 USC §§ 1011-1015.

[10] OCGA § 33-37-52.

tional prohibition against exempting property from ad valorem taxation.

3. OCGA § 33-37-56 does not impermissibly conflict with the constitutional jurisdiction of Georgia's superior courts. The General Assembly's authority to enact section 33-37-56, and all of GIRLA, is found in the constitutional mandate that "provision shall be made by law for the regulation of insurance."[11] The Superior Courts are, of course, constitutionally given jurisdiction over, "all cases, *except as otherwise provided in this Constitution.*"[12] Thus, the Constitution recognizes that there may be necessary and appropriate exceptions to the superior courts' grant of general jurisdiction. Section 33-37-56 is such an authorized exception, the basis for which is found in Art. III, Sec. VIII, Par. I of our Georgia Constitution.

4. The Tax Commissioners claim that the Arizona receivership court lacked both in rem subject matter and personal jurisdiction to enjoin Georgia creditors from enforcing claims against FHLIC's assets in this state without first obtaining permission from the receivership court. We need not resolve this argument, however, because it is irrelevant to the issues being decided in this appeal. The decisions being appealed in this matter were rendered by the Gordon and Murray County superior courts, both of which are located in Georgia. Regardless of whether the Arizona court properly exercised its jurisdiction when issuing its injunctive order, there can be no dispute that the Georgia superior courts properly exercised both in rem subject matter jurisdiction over the properties at issue and personal jurisdiction over the Tax Commissioners. As explained in Division 1, under OCGA § 33-37-56, the Tax Commissioners are prohibited from filing and foreclosing tax liens against FHLIC's Georgia properties so long as the company is in receivership proceedings in Arizona. The Gordon and Murray County superior courts properly relied upon this Georgia Code section in dismissing the Commissioners' respective complaints for declaratory relief. In no respect are the superior courts' decisions dependent upon the Arizona Courts' injunctive order; rather, they rest entirely upon GIRLA's mandate staying all foreclosure actions in this state against insurers in receivership proceedings in other states.[13] Accordingly, even if the Arizona court's jurisdiction was lacking in this matter, and we draw no such conclusion here,[14] the Georgia courts' decisions must stand, as a matter of

---

[11] Ga. Const. (1983), Art. III, Sec. VIII, Par. I.

[12] Id., Art. IV, Sec. IV, Par. I (emphasis supplied).

[13] See n. 7, supra, and accompanying text.

[14] Without deciding this issue, United States Supreme Court precedent appears to indicate that the courts of this state would be required to give full faith and credit to the Arizona receivership court's conclusions regarding in rem subject matter jurisdiction. See *Underwriters Nat. Assurance Co. v. N.C. Life &c. Guaranty Assoc.*, 455 U. S. 691 (102 SC 1357, 71

Georgia law decided by Georgia courts.
*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*M. Suzanne Hutchinson, Boyce, Ekonomou & Atkinson, Andrew J. Ekonomou, John E. Underwood, Sr.,* for appellants.
*Thurbert E. Baker, Attorney General, Macey, Wilensky, Cohen, Wittner & Kessler, Susan L. Howick, Titus, Brueckner & Berry, Garry S. O'Rafferty,* for appellee.

LE2d 558) (1982); *Durfee v. Duke,* 375 U. S. 106, 115 (84 SC 242, 11 LE2d 186) (1963).